**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
FILED

SEP 05 2024

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.

INDICTMENT NO. 24-78-KKC-EBA
**18 U.S.C. §§ 2113(a) & 2**

**MARKWEZ ONTERIO WYNN and**
**STEPHEN MATTHEW HAMPTON**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

On or about May 21, 2024, in Fayette County, in the Eastern District of Kentucky,

**MARKWEZ ONTERIO WYNN and**
**STEPHEN MATTHEW HAMPTON,**

aiding and abetting one another, and by intimidation, knowingly and intentionally took

from the person and presence of another property and money, to wit: $181,175, belonging

to, and in the care, custody, control, management, and possession of Forcht Bank, at 140

Southland Drive, Lexington, Kentucky, a bank whose deposits were then insured by the

Federal Deposit Insurance Corporation, all in violation of 18 U.S.C. § 2113(a).

**<u>FORFEITURE ALLEGATIONS</u>**
**18 U.S.C. § 981(a)(1)(C)**
**28 U.S.C. § 2461**

1.  By virtue of the commission of the offense alleged in this Indictment,

**MARKWEZ ONTERIO WYNN and STEPHEN MATTHEW HAMPTON** shall

forfeit to the United States any and all property, real or personal, which constitutes or is

derived from proceeds traceable to the violation of 18 U.S.C. § 2113(a). Any and all interest that **MARKWEZ ONTERIO WYNN and STEPHEN MATTHEW HAMPTON** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2.    The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
a.  $84,268.00 in U.S. currency seized from Markwez Onterio Wynn; and
b.  $82,037.00 in U.S. currency seized from Stephen Matthew Hampton.

**MONEY JUDGMENT:**
A forfeiture money judgment in the amount of $181,175, offset by the amount realized from any directly forfeited property, which represents the amount of proceeds that the Defendants obtained as a result of the violation.

3.    If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

**FOREPERSON**

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## <u>PENALTIES</u>

Imprisonment for not more than 20 years, fine of not more than $250,000, and supervised release for not more than 3 years.

**PLUS:**      Mandatory special assessment of $100.

**PLUS:**      Forfeiture.

**PLUS:**      Restitution.