**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:24-CR-78-KKC-EBA**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**V.**         **MOTION FOR STAY AND REVOCATION OF RELEASE ORDER**

**MARKWEZ ONTERIO WYNN**                                        **DEFENDANT**

\* \* \* \* \* \*

Comes the United States of America, by counsel, and hereby submits the following Motion for Stay and Revocation of a Release Order issued by United States Magistrate Judge Alistair E. Newbern in the United States District Court for the Middle District of Tennessee, Nashville Division, in Case Number 3:24-mj-4425. The United States submits that the above-named defendant was arrested in Nashville, TN on October 15, 2024, for the indictment warrant issued by the United States District Court for the Eastern District of Kentucky. The arrest warrant was issued pursuant to the government's request based on this defendant's indictment on September 5, 2024, for one count of bank robbery in violation of Title 18 U.S.C. § 2113(a). [R. No. 1]

On October 18, 2024, a detention hearing was held in the Middle District of Tennessee before Magistrate Judge Newbern. The United States sought pretrial detention and transport of the defendant in-custody to the Eastern District of Kentucky. Magistrate Judge Newbern denied the Government's motion, instead ordering the defendant to be

released on bond. The United States requested a stay of the release order in the Middle District of Tennessee. Judge Newbern granted the motion, but only until Monday, October 21, 2024, at 3:00 p.m.

The United States seeks a stay of this release order and review of the order pursuant to 18 U.S.C. § 3145(a)(1). The United States further moves for revocation of the order and an order detaining the defendant without bond.

## I.     LEGAL STANDARDS

### A.  Standard of Review

The United States now seeks revocation of the release order pursuant to 18 U.S.C. Section 3145(a)(1), which states:

> (a)  Review of a release order.  – If a person is ordered released by a magistrate judge. . .
>
> (1) The attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

Such a motion "shall be determined promptly." 18 U.S.C. § 3145. This Court is the "court having original jurisdiction over the offense" because it is the Court in which the grand jury returned the indictment, and the prosecution is pending against Martinez.  *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003); *see also United States v. Johnson*, No. 96-4173, 1996 WL 711592, at *2 (6th Cir. Dec. 10, 1996).

The District Court reviews a Magistrate Judge's order of release *de novo. United States v. Marcum*, 953 F. Supp.2d 877, 880 (W.D. Tenn. 2013), *aff'd* No. 13-6008 (6th Cir.

2

Nov. 1, 2013) (involving review of a release order); *see also United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (involving review of a detention order).

The District Court may rely upon the evidence and offers of proof presented at the original detention hearing before the Magistrate Judge, as well as additional evidence and offers of proof.  *United States v. Williams,* No. 3:19-CR-187, 2020 WL 2529356, at *3 (E.D. Tenn. May 18, 2020); *see also* 18 U.S.C. § 3142(f) (information may be presented "by proffer or otherwise" and "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information").

### B. Framework, Burdens, and Factors for Determining whether to Release or Detain a Defendant Pending Trial

Section 3142 of Title 18 of the United States Code provides the framework for determining whether a defendant should be released or detained pending trial. 18 U.S.C. § 3142.  The default position "is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).  "[A] defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."    *Id.* (quoting 18 U.S.C. § 3142(e)).  A finding of dangerousness must be supported by clear and convincing evidence.  *Id.*; *see also United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).  The Government must prove a risk of non-appearance by a preponderance of the evidence.  *Id.*; *United States v. Curry*, 2006 U.S. Dist. LEXIS 49661 *1, *16 (E.D. Ky. 2006).

3

In determining whether the Government has met its burden of persuasion, the Court must consider the factors set forth in 18 U.S.C. § 3142(g). They are:

(1) the nature and circumstances of the offense charged . . .;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including--
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

This analysis "shall not be construed to modify or limit the presumption of innocence."

*Stone*, 608 F.3d at 946; 18 U.S.C. § 3142(j).

## II.    ANALYSIS

### A.  Nature and Circumstances of the Offense

First, the nature and circumstances of the offense weigh in favor of revoking the Magistrate Judge's Order to Release Wynn on bond conditions. 18 U.S.C. §3142(g)(1). The indictment in this case stems from the robbery of Forcht Bank on Southland Drive in Lexington, KY, on May 21, 2024. Wynn and his codefendant, Stephen Hampton, robbed the bank of $181,175.00. In the process, they directed one employee to retrieve the keys to the vault and followed her into her office while she did so. They then directed that employee and two other employees into the vault to put cash into the bags. While robbing the bank and directing the employees to put the money in the bags, the subjects made

threatening comments to the effect that "there better not be any dye packs or else we're coming back."

## B.  Weight of the Evidence Against the Defendant

The bank robbery was captured on video by the bank's surveillance system. The getaway vehicle, a silver Dodge Charger, was also captured on surveillance video, with the two suspects entering the vehicle right after the robbery. The vehicle had a Tennessee tag and was registered in Wynn's name.

FBI agents obtain cell phone location data which showed Wynn and Hampton driving from Tennessee to Lexington, and back, on the day of the robbery. Search warrants were executed on June 12, 2024 (approximately three weeks after the robbery) at residences occupied by Wynn and Hampton in Tennessee. Law enforcement located and seized $84,268 in U.S. currency from Wynn's residence and $82,037 from Hampton's. The total amount recovered was $166,305, from the total amount stolen of $181,175.00. The amounts recovered from each defendant would indicate a roughly equal split of the $166,000 recovered.

Additionally, both Wynn and Hampton are suspected of multiple other bank robberies. Wynn is a suspect in two bank robberies in Tennessee. For one of those robberies, the demand note had an identifiable fingerprint which has been matched to Wynn.  Wynn is also a suspect in one additional bank robbery in Indiana.

### C. History and Characteristics of the Defendant

Third, Wynn's history and characteristics weigh in favor of detention, making him a serious flight risk.  18 U.S.C. § 3142(g)(3). Wynn has been indicted for one bank robbery but potentially faces additional charges for similar bank robberies. Wynn was not interviewed by pretrial services in Nashville. An "intake sheet" provided by defense counsel in Tennessee indicated that Wynn is unemployed.

### D. Nature and Seriousness of the Danger to the Community

Fourth, the government submits that in addition to being a risk of flight, the defendant poses a danger to the community based on the conduct charged.  The concept of "dangerousness" encompasses not only the effect of a defendant's release on the safety of identifiable individuals such as victims and witnesses, but also "the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v.* Millan, 4 F.3d 1038, 1048 (2d Cir. 1993).

Wynn robbed a bank and engaged in behavior that posed a serious risk of danger to the community. Multiple employees were impacted by his conduct and were subjected to threatening behavior while they were being victimized from the robbery.

### III.   CONCLUSION

The United States respectfully submits that Wynn poses both a risk of flight and a danger to the community. There are no conditions or combination of conditions that will reasonably assure Wynn's appearance as required and the safety of other persons and the community.  The United States requests a stay of Magistrate Newbern's release order and

6

transport of the defendant in custody to the Eastern District of Kentucky for a *de novo* review of the release order pursuant to 18 U.S.C. § 3145.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

BY:  *s/G. Todd Bradbury*
Assistant United States Attorney
260 West Vine Street, Suite 300
Lexington, KY 40507
859-685-4898
Gary.T.Bradbury@usdoj.gov

## CERTIFICATE OF SERVICE

On October 18, 2024, I electronically filed this motion through the ECF system, which will send notice of filing to all counsel of record.

*s/G. Todd Bradbury*
Assistant United States Attorney